Paul B. Justi (SBN124727)
LAW OFFICES OF PAUL B. JUSTI
1981 North Broadway, Suite 250
Walnut Creek, CA  94596
T: 925.256.7900
F: 925.256.9204
pbjusti@comcast.net

Attorneys for Plaintiff
STEPHEN ZARRA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ZARRA;<br><br>    Plaintiffs<br><br>        v.<br><br>MARTIANCRAFT, LLC, a Virginia limited liability company; and DOES 1-25, inclusive,<br><br>    Defendants<br>_____ | **CASE NO.** _____<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATION OF COBRA, 29 USC §1161 *ET SEQ.*;**<br><br>2. **NEGLIGENCE; and**<br><br>3. **DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges:

**THE PARTIES**

1.      Plaintiff STEPHEN ZARRA ("Zarra") was an employee of defendant MARTIANCRAFT, LLC.  During the time that plaintiff Zarra was employed by defendant MartianCraft, he was known as "Stephen Ives," but changed his name to Stephen Zarra after his employment with MartianCraft ended.

COMPLAINT - 1

2. Defendant MartianCraft is a Virginia limited liability company, doing business in the State of California through its employees located in the State of California.

3. Plaintiff is ignorant of the true names and capacities of defendants Does 1-25, inclusive, and sues such defendants by such fictitious names.  Plaintiff will amend this complaint to include the true names and capacities of such fictitiously named defendants if and when such true names and capacities are ascertained.

4. At all times alleged herein, each defendant was acting as the agent, employee, servant and/or representative of each other defendant and in committing the acts and omissions alleged herein, each defendant and each police officer identified below was acting in the course and scope of such agency, employment, servitude and/or representation, such that each defendant is jointly and severally liable for each other defendant.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because the First Cause of Action asserted herein arises under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 USC §1161 *et seq.*

6. This Court has diversity jurisdiction because this suit is between citizens of different states and the amount in controversy exceeds $75,000.00.

7. Venue is proper in the Northern District of California because defendant MartianCraft's breach occurred in the Northern District of California and because the damages were caused and continue to be caused in the Northern District of California.

## FIRST CAUSE OF ACTION
## VIOLATION OF COBRA
(Defendant MartianCraft)

8. Plaintiff incorporates herein by this reference paragraphs 1 through 7, above, as though fully set forth herein.

9. Plaintiff Zarra was employed by defendant MartianCraft until he was fired by defendant MartianCraft effective November 30, 2015. While employed by defendant MartianCraft, plaintiff Zarra was covered under defendant MartianCraft's health insurance plan, which was a qualified plan under the provisions of COBRA. Defendant MartianCraft's termination of plaintiff Zarra constituted a "qualifying event" for purposes of COBRA, a provided for in 29 USC §1163(2).

10. Pursuant to COBRA, defendant MartianCraft was required to provide timely notice to plaintiff Zarra of his right to continued health insurance coverage under the terms of COBRA. Defendant MartianCraft had 30 days to notify its plan administrator (29 USC §1162(a)(2)) and it plan administrator had 14 days after notification from defendant MartianCraft to notify plaintiff Zarra of his right to elect continued COBRA coverage (29 USC §1166(c)). Defendant MartianCraft fired plaintiff Zarra effective November 30, 2015, but did not provide the statutorily required COBRA notice until March of 2016, pursuant to a letter dated March 7, 2016 and sent to plaintiff Zarra's wrong address, which letter was not received until in or about late March, 2016, nearly 4 months after plaintiff Zarra's termination.

11. Defendant MartianCraft failed to perform its statutory duty of notification and is therefore subject to a penalty of $110.00 per day pursuant to 29 USC §1132(c)(1) and 29 CFR §2575.502c-1.

12. In addition to such statutory penalties, defendant MartianCraft's failure to provide timely notice caused further damage to plaintiff Zarra as follows: During the period that it was violating its statutory notice period requirements, plaintiff Zarra continued to be listed as

being insured under defendant MartianCraft's health insurance.  As a result, plaintiff Zarra was unable to obtain federally mandated health insurance, i.e., Obamacare, within the 30-day time period permitted under Obamacare after an employee's termination.  Defendant MartianCraft's continuing violation of its statutory notice period requirements extended through the Obamacare open enrollment period, further preventing plaintiff Zarra from obtaining insurance coverage through Covered California, the California state Obamacare program.  Once defendant MartianCraft finally provided notice of plaintiff Zarra's COBRA election rights, plaintiff Zarra attempted to elect COBRA coverage, but would be required to pay the premiums for the prior several months back to the date of his termination, amounting to thousands of dollars, which he was unable to pay in a lump sum payment.  Had defendant MartianCraft timely met its notice requirements, plaintiff Zarra would have been able to begin making monthly payments, but was unable to make a lump sum payment for several prior months of coverage.  Thus, as a result of defendant MartianCraft's violation of his statutory notice period requirements, plaintiff Zarra was blocked from obtaining Obamacare coverage and unable to afford the thousands of dollars lump sum payment required when he finally had the option to elect COBRA coverage.  Plaintiff Zarra is presently uninsured.

    13. In addition, plaintiff Zarra was attempting to start a business that required his presence at motorcycle racetracks, which racetracks required and require proof of health insurance coverage.  As a result of not being insured, plaintiff Zarra is not able to provide such proof of health insurance coverage, interfering with plaintiff Zarra's efforts to start his new business.

    14. Plaintiff Zarra is currently attempting to obtain health insurance coverage, which is considerably more expensive than COBRA coverage and/or Obamacare/Covered

California coverage should have been.  Defendant MartianCraft is further liable for any such excess cost as well as any uninsured medical and/or health care expenses incurred by plaintiff Zarra while attempting to obtain replacement coverage.  In addition, plaintiff Zarra faces a tax penalty under Obamacare for failing to have health insurance.  Plaintiff also seeks costs and attorneys' fees, including, without limitation, pursuant to 29 USC §1132(g)(1).

**SECOND CAUSE OF ACTION**
**NEGLIGENCE**
(Defendant MartianCraft)

15. Plaintiff incorporates herein by this reference paragraphs 1 through 14, above, as though fully set forth herein.

16. Defendant MartianCraft owed plaintiff a duty of care to timely notify him of his rights to continued COBRA coverage.

17. Defendant MartianCraft breached its duty of care by violating its statutory duties, constituting negligence *per se* and failing to provide the requisite notice until several months after it was required to do so.

18. Plaintiff Zarra was damaged as a proximate result of defendant Zarra's breach of its duty of case, including, without limitation, in that plaintiff Zarra was shut out of Covered California Obamacare coverage, was unable to afford the backcharges when he was finally notified of his COBRA election rights, was forced to seek out and try to obtain substantially more expensive health insurance coverage, faces a tax penalty for not having insurance coverage and having his business interfered with and damaged due to a lack of health insurance coverage.

**THIRD CAUSE OF ACTION**
**DECLARATORY RELIEF**
(Defendant MartianCraft)

19. Plaintiff incorporates herein by this reference paragraphs 1 through 18, above, as though fully set forth herein.

20. An actual and justiciable dispute exists in that plaintiff Zarra contends that defendant MartianCraft breached its statutory notice period duties under COBRA, failed to provide timely notice, is liable for statutory penalties for such failure to provide timely statutory notice under COBRA, caused plaintiff Zarra to be uninsured, caused plaintiff Zarra to have to obtain more expensive health insurance, caused plaintiff Zarra to face a tax penalty for being uninsured and interfered and damaged plaintiff Zarra's attempts to start a new business that defendant MartianCraft is liable for any insured medical and/or healthcare expenses that plaintiff Zarra incurs and plaintiff Zarra is informed and believes and thereon alleges that defendant MartianCraft refutes each such contention.

21. Accordingly, plaintiff Zarra seeks a judicial determination of the parties' respective rights and responsibilities.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs each pray for relief as follows:

1. For general damages in an amount according to proof at trial;

2. For special damages in an amount according to proof at trial;

3. For costs and attorneys fees as provided by contract, law and/or statute, including, without limitation, 29 USC §1132(g)(1);

4. For a judicial determination of the parties' respective rights and responsibilities; and

///

///

4. For such other and further relief as the Court deems fair and just.

Dated: July 25, 2016                                        LAW OFFICES OF PAUL B. JUSTI


By_____*/s/ Paul B. Justi*_____
  Paul B. Justi

Attorneys for plaintiff STEPHEN ZARRA

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.

Dated: July 25, 2016                                        LAW OFFICES OF PAUL B. JUSTI


By_____*/s/ Paul B. Justi*_____
  Paul B. Justi

Attorneys for plaintiffs STEPHEN ZARRA

COMPLAINT - 7